**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000803
06-FEB-2020
08:32 AM**

NO. CAAP-19-0000803

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RAYMOND KIM, Claimant-Appellant/Appellant, v.
INTERNATIONAL BUSINESS MACHINES CORPORATION,
Employer-Appellee/Appellee, and LIBERTY MUTUAL INSURANCE,
Insurance Carrier-Appellee/Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO.: AB 2018-013; DCD NO. 2-04-13128)

ORDER GRANTING NOVEMBER 27, 2019 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Upon review of (1) Employer/Appellee/Appellee
International Business Machines' (IBM) and Insurance Carrier/
Appellee/Appellee Liberty Mutual Insurance's (Liberty Mutual
Insurance) November 27, 2019 motion to dismiss appellate court
case number CAAP-19-0000803 for lack of jurisdiction, (2) the
lack of any memorandum by Claimant/Appellant/Appellant Raymond M.
Kim (Kim), self-represented, in opposition to IBM and Liberty
Mutual Insurance's November 27, 2019 motion, and (3) the record,
it appears that we do not have jurisdiction over Kim's appeal
from the State of Hawai'i Labor and Industrial Relations Appeals
Board's (the LIRAB)[1] October 7, 2019 order in LIRAB Case

---

[1] The State of Hawai'i Labor and Industrial Relations Appeals Board
was composed of Chair Danny J. Vasconcellos, Member Melanie S. Matsui, and
Member Marie C.L. Laderta.

No. 2018-013 pursuant to Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012 & Supp. 2018).

IBM's and Liberty Mutual Insurance's sole argument in support of dismissal is that Kim did not file his November 7, 2019 notice of appeal within thirty days after the October 7, 2019 mailing of a certified copy of the LIRAB's October 7, 2019 order, as HRS § 386-88 required. We note that, prior to 2013, the only authorized manner for filing a notice of appeal from a LIRAB proceeding was "by filing a written notice of appeal with the appellate board." HRS § 386-88 (Supp. 2012). Although court procedural rules, such as Rule 6(e) of the Hawai'i Rules of Civil Procedure and Rule 26(c) of the Hawai'i Rules of Appellate Procedure (HRAP), add two extra days to a prescribed time period whenever the time period is measured from service by mail, workers' compensation administrative proceedings take place before the LIRAB instead of a court, and, thus, the governing procedural rules for such LIRAB matters are in Hawai'i Administrative Rules (HAR), Title 12, Chapter 47. These procedural rules, such as HAR § 12-47-18 (1994), HAR § 12-47-19 (1994) and HAR § 12-47-51 (1994), do <u>not</u> add two extra days for service by mail.

In 2013, the Hawai'i legislature amended HRS § 386-88 by authorizing a new alternative option to electronically file a notice of appeal from a LIRAB decision. 2013 Haw. Sess. Laws Act 14 § 2 at 18. Consequently, the current version of HRS § 386-88 authorizes two ways to file a notice of appeal from an LIRAB proceeding:

> The decision or order of the appellate board shall be final and conclusive, except as provided in section 386-89, unless <u>within thirty days after mailing</u> of a certified copy of the decision or order, the director or any other party appeals to the intermediate appellate court, subject to chapter 602, <u>by filing a written notice of appeal with the appellate board, or by electronically filing a notice of appeal in accordance with the Hawaii rules of appellate procedure</u>. A fee in the amount prescribed by section 607-5 for filing a notice of appeal from a circuit court shall be paid to the appellate board for filing the notice of appeal from the board, which together with the appellate court costs shall be deemed costs of the appellate court proceeding. The appeal shall be on the record, and the court

2

> shall review the appellate board's decision on matters of law only. No new evidence shall be introduced in the appellate court, except that if evidence is offered that is clearly newly discovered evidence and material to the just decision of the appeal, the court may admit the evidence.

HRS § 386-88 (2015) (emphases added). The legislative history for the 2013 amendment to HRS § 386-88 indicates that the legislature's purpose for the amendment did not include any intent to change all of the procedural rules governing workers' compensation proceedings before the LIRAB, and, instead, the legislature's purpose was simply to provide the parties in workers' compensation proceedings with an optional second way of filing a notice of appeal, namely by filing notices of appeal electronically with the Judiciary Electronic Filing and Service System (JEFS). See Hse Stand. Comm. Rep. No. 94 in 2013 House Journal, at 933; Hse Stand. Comm. Rep. No. 626 in 2013 House Journal, at 1129; Sen. Stand. Comm. Rep. No. 961 in 2013 Senate Journal, at 1314-15[2]; Sen. Stand. Comm. Rep. No. 1245 in 2013 Senate Journal, at 1459. Thus, we apply the Hawai'i Rules of Appellate Procedure (HRAP) to appeals from workers' compensation matters before the LIRAB only to the limited extent that the HRAP, such as HRAP Rule 3 and HRAP Rule 25, directly address and authorize electronic filing with JEFS. The timing of any appeal from a workers' compensation matter before the LIRAB remains as provided by HRS § 386-88 and the relevant Hawai'i Administrative Rules (HAR) such as HAR § 12-47-18, HAR § 12-47-19 and HAR § 12-47-51, which do not add two extra days when there is service of a LIRAB decision by mail.

---

[2] For example:

> Your Committee further finds that existing law does not specifically authorize workers' compensation litigants to file electronic notices of appeal with the appellate court, which is currently available through the Judiciary Electronic Filing System. This measure assists in increasing state government efficiency and reducing the State's carbon footprint by allowing the electronic filing of workers' compensation claim appeal notices.

Sen. Stand. Comm. Rep. No. 961 in 2013 Senate Journal, at 1314.

In the instant case, the event that triggered the thirty-day time period under HRS § 386-88 for filing a notice of appeal was the LIRAB's October 7, 2019 mailing of a certified copy of the LIRAB's October 7, 2019 order. Kim did not file his November 7, 2019 notice of appeal within thirty days after the October 7, 2019 mailing of a certified copy of the LIRAB's October 7, 2019 order, in violation of HRS § 386-88, and, thus, Kim's appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986). We lack appellate jurisdiction over Kim's untimely appeal.

Although not mentioned by IBM and Liberty Mutual Insurance, Kim also did not sign his November 7, 2019 notice of appeal. Instead, a non-party and non-attorney named Vivian E. Kim (Vivian Kim) is the lone signatory for Kim's November 7, 2019 notice of appeal. "A well-settled rule is that only parties to a lawsuit may appeal an adverse judgment." Gold v. Harrison, 88 Hawai'i 94, 103, 962 P.2d 353, 362 (1998) (citations and internal quotation marks omitted). As a non-party in the underlying case, Vivian E. Kim lacks standing to appeal on behalf of herself. Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006).

Further, as a non-attorney, Vivian E. Kim cannot prosecute this appeal on behalf of Kim before this court, because, under HRS § 605-2 (2016) and HRS § 605-14 (2016), non-attorneys "are not permitted to act as attorneys and represent other natural persons in their causes." Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979) (citation and footnote omitted). In fact, "[a]ny person violating sections 605-14 to 605-16 shall be guilty of a misdemeanor." HRS § 605-17 (2016). Therefore, as a non-attorney, Vivian Kim lacks legal authority to prosecute this appeal on behalf of Kim before this court.

HAR § 12-147-10 (1994) apparently authorizes various non-attorneys to appear on behalf of a party in proceedings before the LIRAB, including a "duly appointed representative":

> § 12-47-10. Appearance and practice before the board.
>
>     (a) An individual may appear in his or her own behalf; a partner may represent the partnership; a bona fide officer of a corporation, trust, or association may represent the corporation, trust, or association; and an officer or employee of the State or a political subdivision of the State may represent the agency in any proceeding before the board.
>
>     (b) A person may be represented by an attorney or other duly appointed representative, including, but not limited to, insurance representatives and union representatives in any proceeding under this chapter.

(Emphases added). Nevertheless, the record on appeal does not show that Vivian Kim was a duly appointed representative of Kim in the workers' compensation proceedings before the LIRAB. Therefore, as a non-party and non-attorney, Vivian Kim was not authorized to sign and file the November 7, 2019 notice of appeal on behalf of Kim. Without the signature of Kim or an attorney who is licensed to practice law in Hawai'i, the November 7, 2019 notice of appeal is invalid, and we lack appellate jurisdiction for this reason as well.

Therefore, IT IS HEREBY ORDERED that Appellees IBM and Appellee Liberty Mutual Insurance's November 27, 2019 motion to dismiss appellate court case number CAAP-19-0000803 is granted, and we dismiss appellate court case number CAAP-19-0000803 for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 6, 2020.

Chief Judge

Associate Judge

Associate Judge

5